Citation Nr: 1602916 
Decision Date: 01/29/16 Archive Date: 02/05/16

DOCKET NO. 11-00 549 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUE

Entitlement to service connection for right ankle disability. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

G. Fraser, Associate Counsel


INTRODUCTION

The Veteran served on active duty from April 1977 to May 1977. This case comes before the Board of Veterans' Appeals (Board) on appeal from a June 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas.

The Veteran testified at a Travel Board hearing in March 2013, and a transcript of the hearing is of record. In November 2015, the Veteran was notified that the Veterans Law Judge who presided over his hearing is unavailable, and was informed of his options for another Board hearing; however, in December 2015 the Veteran indicated he did not wish to appear at another Board hearing. 

The Board acknowledges that the Veteran has also perfected an appeal with respect to the issue of entitlement to service connection for a psychiatric disorder; however, the Board's review of the record reveals that the Agency of Original Jurisdiction (AOJ) has not certified this issue for consideration by the Board, and it appears the AOJ is still taking action on the claim. In addition, this issue was neither identified nor addressed by the Veteran's representative as an issue before the Board in the October 2015 brief provided by the representative. As such, the Board will not accept jurisdiction over this issue at this time, but this issue will be the subject of a subsequent Board decision, if otherwise in order.


REMAND

While the Board regrets the delay, additional development is required before the Veteran's claim is decided. When the case was previously before the Board in January 2015, it was remanded for further development, to include a VA examination to determine whether the Veteran's current right ankle disability is related to the right ankle eversion sprain in service. The Board also expressly indicated the examiner should review the Veteran's complete claim file, and specifically discuss the following relevant evidence: a) the Veteran's May 9, 1977, treatment for a right ankle eversion sprain; b) the Veteran's in-service reports of a pre-service fracture; c) X-rays taken on May 9, 1977, which were negative; d) the lack of medical records establishing treatment from 1977 to 2010; e) the Veteran's reports of ongoing right ankle pain from the time of his injury to the present; f) a note from Dr. G.M.D. which notes a history of an ankle injury in service, with ongoing pain; and g) the Veteran's current reports that he did not fracture his ankle prior to service. 

The Veteran underwent a VA ankle examination in May 2015. Following his examination of the Veteran, and purported review of the electronic records in VBMS, the examiner diagnosed the Veteran with a right ankle deltoid ligament sprain, with tendonitis and tenosynovitis. Thereafter, the examiner stated the Veteran's current right ankle disability was less likely as not caused by or a result of his in-service ankle injury. The examiner reasoned the evidence did not show further documentation of complaint, treatment or diagnosis for 34 years following his discharge from active duty. However, the examiner's cursory opinion does not explain how and why the Veteran's current right ankle sprain is unrelated to his ankle sprain in service. A medical examination report must contain not only clear conclusions with supporting data, but also a reasoned medical explanation connecting the two. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008). Additionally, insofar as the examiner found no evidence of ongoing ankle complaints, he clearly failed to consider the Veteran's credible reports of symptoms of right ankle pain dating from service to the present. A medical examiner cannot solely rely on the absence of medical records corroborating the continuity of a condition, and moreover, is simply not free ignore a veteran's statements related to lay observable symptoms. See Dalton v. Nicholson, 21 Vet. App. 23 (2007). 

The Board also notes the examiner wholly failed to discuss the above-noted evidence specifically detailed in the Board's January 2015 remand instructions. A remand by the Board confers upon the Veteran, as a matter of law, the right to compliance with the remand instructions, and imposes upon VA a concomitant duty to ensure compliance with the terms of the remand. See Stegall v. West, 11 Vet. App. 268, 271 (1998). Based on the foregoing insufficiencies, the Board finds an addendum medical opinion is necessary. 

On remand, relevant ongoing medical records should be obtained. 38 U.S.C.A. § 5103A(c) (West 2014); see also Bell v. Derwinski, 2 Vet. App. 611 (1992) (VA medical records are in constructive possession of the agency, and must be obtained if the material could be determinative of the claim).

Accordingly, this case is REMANDED to the RO or the Appeals Management Center (AMC), in Washington, D.C., for the following actions:

1. The RO or the AMC should undertake appropriate development to obtain any outstanding records pertinent to the Veteran's claim. If any requested records are not available, the record should be annotated to reflect such and the Veteran notified in accordance with 38 C.F.R. § 3.159(e).

2. Then, the RO or the AMC should obtain a medical opinion from the examiner who performed the May 2015 VA examination, if available, and if unavailable from a clinician with sufficient experience and expertise to opine on the etiology of the Veteran's claimed right ankle disability. All pertinent evidence of record must be made available to and reviewed by the examiner. Another examination of the Veteran should be performed only if deemed necessary by the person providing the opinion.

Based on the review of the Veteran's pertinent history and the examination results, the examiner should state an opinion with respect to whether there is a 50 percent or better probability that the Veteran's right ankle disability originated during his period of active service or is otherwise etiologically related to his active service, to specifically include the eversion sprain diagnosed on May 9, 1977.

The examiner must discuss and consider the Veteran's competent lay statements regarding his in-service injury and continuity of symptomatology. The examiner shall assume such statements are credible for purposes of the opinion. 

The examiner must also specifically consider and discuss the following relevant evidence: a) the Veteran's May 9, 1977 treatment for a right ankle eversion sprain; b) the Veteran's in-service reports of a pre-service fracture; c) X-rays taken on May 9, 1977, which were negative; d) the lack of medical records establishing treatment from 1977 to 2010; e) the Veteran's reports of ongoing right ankle pain from the time of his injury to the present; f) a note from Dr. G.M.D. which notes a history of an ankle injury in service, with ongoing pain; and g) the Veteran current reports that he did not fracture his ankle prior to service.

The examiner must provide a complete rationale for any proffered opinion. If the examiner is unable to provide the required opinion, he or she should explain why. If the examiner cannot provide an opinion without resorting to mere speculation, he or she must provide a complete explanation as to why this is so. If the inability to provide a more definitive opinion is the result of a need for additional information, the examiner should identify the additional information that is needed.

3. The RO or the AMC should also undertake any additional development deemed necessary.

4. After completion of the above, the RO or the AMC should readjudicate the Veteran's claim. If the benefit sought on appeal is not granted to the Veteran's satisfaction, the Veteran and his representative should be provided with a Supplemental Statement of the Case and afforded the requisite opportunity to respond before the case is returned to the Board for further appellate action.

By this remand, the Board intimates no opinion as to any final outcome warranted.

The Veteran need take no action until he is otherwise notified, but he may furnish additional evidence and/or argument during the appropriate time frame. See Kutscherousky v. West, 12 Vet. App. 369 (1999).

This REMAND must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or the Court for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



____________________________________________
Shane A. Durkin
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).